UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS, #132106,

       Plaintiff,                  Case No.  05-73790

v.                                   District Judge Paul D. Borman
                                   Magistrate Judge R. Steven Whalen

DAVE J. BURNETT, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On October 4, 2005, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections (MDOC) filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. §1983.  Before the Court is Defendants' Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion [Docket #13].  For the reasons discussed below, I recommend that the Motion be GRANTED pursuant to 42 U.S.C. §1997e(a), and the Complaint DISMISSED WITHOUT PREJUDICE.

        **I.    FACTUAL AND PROCEDURAL BACKGROUND**

This Complaint arises out of Plaintiff's allegations that the Defendants, all MDOC employees, interfered with his ability to practice his religion.  He states, "I am an adherent of ASA.TRU, a religion that is approved by the MDOC for individual practise (sic) only,

with restrictions on my ability to even discuss my faith and belief system with another prisoner at threat of punitive sanctions by the MDOC personnel involved."[1] While the Complaint itself is somewhat imprecise as to the underlying legal basis for Plaintiff's claims, it must, as a *pro se* pleading, be given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). It may be fairly read to claim a violation of Plaintiff's rights under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLIUPA), 42 U.S.C. §2000cc.

Plaintiff pled exhaustion of prison administrative remedies in his Complaint, and attached documentation as to grievance no. SRF-05-07-00752-20a. That grievance, pursued through all three steps of the MDOC process, names only Defendant Allen at Step I.[2]

Defendants argue that because the Plaintiff failed to exhaust his administrative remedies as to two of the three Defendants, this is a "mixed complaint" that is subject to dismissal under the total exhaustion rule of *Jones-Bey v. Johnson,* 407 F.3d 801 (6th Cir.

---

[1] ASA.TRU is apparently derived from an ancient polytheistic Nordic religion. Correspondence from Defendant Burnett, attached to the Complaint, indicates that the Plaintiff was approved to purchase and possess a Thor's Hammer and a set of Rune Cards, but denied the opportunity for group worship or study services.

[2] The Step I grievance form attached to the Complaint is illegible. However, Defendants submitted a legible copy with their Motion to Dismiss.

2005).

## II.  EXHAUSTION

### A.  General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).  In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion.  To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of.  If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.  In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically  name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the

administrative review process before filing an action in federal court.[3] *See Freeman*, 196 F.3d at 645. A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Finally, it is important to note that exhaustion of administrative remedies is a prerequisite to filing suit, and dismissal under 42 U.S.C. §1997e(a) is not a decision on the merits. A dismissal under Fed.R.Civ.P. 12(b)(6), on the other hand, generally constitutes a decision on the merits, and thus is entered with prejudice. *Mitchell v. Chapman,* 343 F.3d 811, 820 (6th Cir. 2003). Therefore, the present Motion is analyzed as a §1997e(a) issue, not a Rule 12(b)(6) issue.

### B.  The Total Exhaustion Rule

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2).

---

[3]The MDOC has a three-tiered grievance review process, commencing with an initial complaint at Step I, an appeal to Step II, and final administrative review at Step III.

> Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint is dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808.

In his dissenting opinion in *Jones-Bey*, Judge Clay questioned the validity of the majority opinion based on what he considered the *stare decisis* effect of *Hartsfield v. Vidor, supra*, an earlier case. In Judge Clay's view, *Hartsfield* rejected a total exhaustion rule, instead permitting the dismissal without prejudice of only the unexhausted claims. Therefore, citing 6th Cir. Rule 206 ( c ) he stated that the *Hartsfield* precedent could only be overruled by an *en banc* decision.

Some district judges in both the Eastern and Western Districts of Michigan subsequently declined to apply a total exhaustion rule based on the reasoning of Judge Clay's dissent in *Jones-Bey*. *See Spearman v. Kocot*, E.D. Mich. Case no. 02-73105 [Docket #76 (Tarnow, J.); *Porter v. Caruso*, 2005 WL 2679785 (W.D. Mich. 2005) (Enslen, J.). Recognizing this difference of opinion, a Sixth Circuit panel in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir.2006), recently reiterated its commitment to *Jones-Bey* as well as its view that any inference to the contrary in *Hartsfield* was dicta:[4]

> "Even after *Jones Bey*, some confusion may have lingered as to this court's

---

[4] In *Porter v. Caruso*, __F.Supp.2d__, 2006 WL 1233150 (W.D. Mich. 2006), Judge Enslen soundly criticized the Sixth Circuit's decision in *Rinard*, and continued to adhere to the view that *Hartsfield*, not *Jones-Bey* is the correct precedent.

reading of the PLRA's exhaustion requirement in light of our decision in *Hartsfield*. Today we make clear that we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the curt nor ruled upon, are not to be considered as having been so decided as to constitute precedents."...Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it." (Internal citations omitted).

Even more recently–yesterday, in fact–a panel of the Sixth Circuit consisting of Judges Moore, Clay and Cole held that *Jones-Bey* was in conflict with *Hartsfield* and *Burton v. Jones*, and that the law of the Circuit was that a partially exhausted complaint need not be dismissed in its entirety. *Spencer v. Bouchard*, __F.3d__ (6th Cir. No. 05-2562, 6-6-06). Specifically, *Spencer* relied on footnote 2 of *Burton*, 321 F.3d at 574, where the court stated:

> "[T]he *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under §1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant."

*Spencer* concluded that "there was no need for *Bey* to 'definitively answer' the question [of total exhaustion], as *Hartsfield* and *Burton*, taken together, had already done so." *Slip Opinion*, p.4.

Suffice it to say, then, that there is a divergence of views both among district judges and Circuit judges as to the relative *stare decisis* effect of *Jones-Bey* and *Hartsfield*. I myself have been critical of the total exhaustion rule in the past and declined to apply it prior to *Jones-Bey*. *See Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03), in which Judge Roberts accepted my Report and Recommendation deconstructing the arguments for total exhaustion.

Indeed, I cited *Hartsfield v. Vidor* in my R&R as indicative of where I thought the law was moving, but noted that "[t]here is [was] no controlling Sixth Circuit authority for the proposition that a complaint which contains some claims which are exhausted and others which are not is subject to dismissal in its entirety under 42 U.S.C. § 1997e(a)."

However, notwithstanding yesterday's *Spencer* decision, I disagree that the *Jones-Bey* total exhaustion rule is foreclosed by *Hartsfield*. While the result in *Hartsfield* would suggest or imply the inapplicability of a total exhaustion rule, the court did not address or in any way discuss that issue, nor does it appear that it was even raised. In *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), the Sixth Circuit explicitly stated that it would "reserve to another day" the resolution of the total exhaustion question. That day arrived with *Jones-Bey.* Nor was the issue resolved in *Burton v. Jones*, as *Spencer* contends. In my Report and Recommendation in *Hackett*, I also referred to footnote 2 of *Burton*, but recognized that it was not the holding of the case ("*Hartsfield* and *Burton* may well be dicta in terms of the total exhaustion rule; they may also be the handwriting on the wall."). Although the *Spencer* panel relied on and quoted footnote 2, it neglected to cite the following language from *Burton*, where the court expressly declined to address the total exhaustion question, rendering its discussion in footnote 2 pure dicta:

> "Because we have concluded that district court erred when it determined that Burton had not administratively exhausted his First Amendment retaliation claim against the defendants, *we do not need to reach the question of whether the district court erred when it dismissed Burton's entire lawsuit because Burton failed to exhaust the available administrative remedies with respect to one of his claims*." 321 F.3d at 577 (emphasis added).

Therefore, however much I might disagree with its reasoning, *Jones-Bey* controls, and however much I might agree with the result in *Spencer*, that case cannot overrule a prior Circuit decision. *See Salmi v. Secretary of Health & Human Services*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court or this Court sitting en banc overrules the prior decision.").

The Supreme Court will have the final word on the total exhaustion rule, having granted certiorari to consider the question in *Jones v. Bock*, 126 S.Ct. 1462 (3-6-06) and *Williams v. Overton*, 126 S.Ct. 1463 (3-6-06). For the present, however, *Jones-Bey* is the law of this Circuit.[5]

### III.   ANALYSIS

In his Step I grievance, the Plaintiff named *only* Defendant Allen, and made no reference whatsoever to Defendants Burnett and Trombley. Although he mentioned Burnett in his Step II appeal and referred to Trombley at Step III, it bears repeating that an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, *supra* at 574.

To the extent that Plaintiff believes his correspondence with Burnett satisfies the

---

[5]Given that the issue is pending in the Supreme Court, this Court would have the option of holding the case in abeyance pending decision in *Jones* and *Williams*.

exhaustion requirement, he is wrong. Correspondence does not and cannot show exhaustion through Step III of the grievance process. *See Williams v. McGinnis*, 192 F.Supp.2d 757, 763 (E.D. Mich. 2002) ("Though [plaintiff] did send a letter to the Step III agency, a letter is not the same as a grievance appeal....").

Clearly, Plaintiff has not exhausted his administrative remedies as to Burnett and Trombley, and pursuant to *Jones-Bey*, his Complaint must be dismissed without prejudice. Plaintiff will then have the option of either exhausting Burnett and Trombley and then refiling the Complaint as to all three Defendants, or simply refiling with only Allen as a Defendant.

## IV.   CONCLUSION

I therefore recommend that Defendants' Motion for Dismissal [Docket #13] be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE for failure to fully exhaust administrative remedies as required by 42 U.S.C. §1997e(a).     I n   t h e alternative, I recommend that the case be held in abeyance pending the Supreme Court's decision in *Jones v. Bock*, 126 S.Ct. 1462 (3-6-06) and *Williams v. Overton*, 126 S.Ct. 1463 (3-6-06).

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 7, 2006.

S/G. Wilson

Case Manager