UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS, #132106,

        Plaintiff,                  Case No.  05-73790

v.                               District Judge Paul D. Borman
                                Magistrate Judge R. Steven Whalen

DAVE J. BURNETT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION RE: INJUNCTIVE RELIEF**

Before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket #4], which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons discussed below, I recommend that Plaintiff's motion be DENIED.

**I.   BACKGROUND**

This Complaint arises out of Plaintiff's allegations that the Defendants, all Michigan Department of Corrections (MDOC) employees, interfered with his ability to practice his religion.  He states, "I am an adherent of ASA.TRU, a religion that is approved by the MDOC for individual practise (sic) only, with restrictions on my ability to even discuss my faith and belief system with another prisoner at threat of punitive sanctions by the MDOC

personnel involved."[1] In the present motion, Plaintiff seeks a TRO or preliminary injunction directing the MDOC to provide for group religious meetings for ASA.TRU adherents, or in the alternative to remove federal funding for the MDOC.

I have filed a separate Report and Recommendation that Defendants' motion to dismiss [Docket #13] be granted, and the Complaint dismissed without prejudice, based on Plaintiff's failure to fully exhaust administrative remedies, as required by 42 U.S.C. §1997e(a).

## II.   STANDARDS FOR GRANTING INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a

---

[1] ASA.TRU is apparently derived from an ancient polytheistic Nordic religion. Correspondence from Defendant Burnett, attached to the Complaint, indicates that the Plaintiff was approved to purchase and possess a Thor's Hammer and a set of Rune Cards, but denied the opportunity for group worship or study services.

finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III. ANALYSIS

#### A. Likelihood of Success on the Merits

I have issued a separate Report and Recommendation that the Complaint be dismissed without prejudice, based on Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997e(a). While this was not, strictly speaking, a ruling on the merits, the Court's acceptance of my Report and Recommendation will result in the dismissal of the Complaint, and thus the Court will no longer have jurisdiction. That being the case, the Court will not reach the merits, and Plaintiff will not be able to succeed on the merits. This

fact may be considered fatal to Plaintiff's request for injunctive relief. *Gonzales, supra.*

### B.   Irreparable Harm

An absolute denial of the First Amendment right to practice one's religion in prison can constitute irreparable harm that is not compensable at a future date. *See Bronx Household of Faith v. Board of Educ. of the City of New York*, 331 F.3d 342, 350 (2nd Cir. 2003). In the present case, however, several factors militate against a finding of irreparable harm. First, Plaintiff concedes that he is not absolutely precluded from practicing his religion. As noted in footnote 1, *supra*, a letter from Defendant Burnett indicates that Plaintiff is permitted to privately practice his religion, and was in fact provided with religious items such as a Thor's Hammer and Rune Cards. In addition, Plaintiff has not alleged or shown that group religious services are an essential component of ASA.TRU. *See Adams v. Stanley*, 237 F.Supp.2d 136, 146 (D.N.H. 2003). Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors–substantial harm to others and the public interest. *See Gonzales, supra*. Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief.[2]

---

[2] As to the third factor–the risk of substantial harm to others if the injunctive relief is granted–I do note that if a group of prisoners is gathered together armed with Thor's Hammers, the prison might be faced with a security and safety problem.

### IV.    CONCLUSION

I therefore recommend that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket #4] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 7, 2006.

S/G. Wilson
Case Manager