**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATHAN EDWARDS,

                Plaintiff,               Case Number: 05-73790

v.                                         JUDGE PAUL D. BORMAN
                                                  UNITED STATES DISTRICT COURT

DAVE J BURNETT, et al.,

                Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION FOR REINSTATEMENT OF PLEADING AND CAUSE (DOCK. NO. 22)

Now before the Court is Plaintiff's Motion for Reinstatement of Pleading and Cause. (Dock. No. 22). Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's motion.

The facts are set forth in *Edwards v. Burnett*, No. 05-73790, 2006 WL 1983233 (E.D. Mich. July 12, 2006) (unpublished), and are not repeated below. On July 12, 2006, the Court adopted the Magistrate Judge's Report and Recommendation granting Defendant's Motion to Dismiss for Lack of Exhaustion. 2006 WL 1983233. In the Report and Recommendation, the Magistrate Judge held that following the total exhaustion rule, Plaintiff's Complaint must be dismissed without prejudice because he failed to exhaust his administrative remedies as to Burnett and Trombley .

On January 22, 2007, six months after this Court's opinion, the Supreme Court of the United States in *Jones v. Bock*, 127 S. Ct. 910, 921, 923-25 (2007), held that:

1

> (1) failure to exhaust is an affirmative defense under the Prisoner Litigation
> Reform Act and that inmates are not required to specially plead or demonstrate
> exhaustion in their complaints; (2) exhaustion is not per se inadequate simply
> because an individual later sued was not named in the grievances; and (3) where a
> complaint contains both exhausted and unexhausted claims, a district court should
> proceed with the exhausted claims while dismissing the unexhausted claims,
> rather than dismissing the complaint in its entirety.

*Okoro v. Hemingway*, 481 F.3d 873, 874 (2007) (quotations omitted).

Plaintiff argues that his case against Allen, who he identified in his Step I Grievance, should be reinstated in light of *Bock*. Plaintiff's reliance on *Bock* does not help him. *Bock* did not modify the Court's view on proper exhaustion and, in fact, relied on the reasoning in *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). In *Woodford*, the Supreme Court held that a prisoner must complete the administrative review process in accordance with "the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384. Following *Woodford*, the *Bock* Court stated that:

> to properly exhaust administrative remedies prisoners must complete the
> administrative review process in accordance with the applicable procedural rules,
> rules that are defined not by the PLRA, but by the prison grievance process itself.
> Compliance with prison grievance procedures, therefore, is all that is required by the
> PLRA to "properly exhaust." The level of detail necessary in a grievance to comply
> with the grievance procedures will vary from system to system and claim to claim,
> but it is the prison's requirements, and not the PLRA, that define the boundaries of
> proper exhaustion. As the MDOC's procedures make no mention of naming
> particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper
> exhaustion is unwarranted.

*Bock*, 127 S. Ct. at 922 (internal citations omitted).

Plaintiff's request for relief does not identify a source of legal authority for the relief sought. The Court could construe the motion for relief from judgment as a motion for reconsideration. However, since his motion was not filed with ten days, Plaintiff's motion would be considered untimely. Considering that *Jones v. Bock* was not decided until six months after

this Court adopted the Report and Recommendation, Plaintiff presumably filed this motion pursuant to Federal Rule of Civil Procedure 60(b)(6). "[C]ourts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (2001) (citation omitted). The Judgment in this suit relied upon the "total exhaustion rule." A change in precedential law, especially when it is not retroactive, rarely constitutes an "extraordinary circumstance" warranting Rule 60(b) (6) relief. *Id*. This is especially true when a litigant does not appeal the judgment. See *Hopper v. Euclid Manor Nursing Home, Inc*., 867 F.2d 291, 294 (6th Cir.1989) (The parties may not use a Rule 60(b) motion as a substitute for an appeal, Federal Practice § 2852 at 142, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.). Thus, such extraordinary circumstances which may provide relief to Plaintiff under Rule 60(b) are not present in this case.

Even if the Court were to reconsider the merits of the dismissal, the Court would deny Plaintiff's motion. The *Bock* Court dealt with Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130, effective 11/01/00. In that particular version of 03.02.130 there was no requirement that particular officials must be named in a Step I Grievance. However, here we are dealing with MDOC Policy Directive 03.02.130, effective 12/19/03. This version of the directive states:

> T.   The [Prisoner/Parolee Grievance form] may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). *Dates, times, places and names of all those involved in the issue being grieved are to be included.*

(Def.'s Resp. Ex. 1, MDOC Policy Directive 3) (emphasis added).

Defendant, in his Step I Grievance, did not name all individuals involved in the issue being grieved. Therefore, because compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust, and because the MDOC procedure requires the naming of particular officials involved, Defendant failed to comply with the grievance procedure and failed to properly exhaust his claim.

Accordingly, for the reasons stated above, the Court DENIES Plaintiff's Motion for Reinstatement of Pleading and Cause.

**SO ORDERED.**

                                         s/Paul D. Borman
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: June 15, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 15, 2007.

                                         s/Denise Goodine
                                         Case Manager